IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
DEBRA RENEE WENNDT BALDWIN,        *
Legal Guardian and Conservator     *
of NICHOLAS CARL BALDWIN, and      *
Incapacitated Adult,               *
                                   *
      Plaintiff,                   *    CV 616-166
                                   *
      v.                           *
                                   *
HOMER BRYSON, Commissioner of      *
the Georgia Department of          *
Corrections, JAMES F. DEGROOT,     *
PH.D., Statewide Mental Health     *
and Mental Retardation Program     *
Supervisor for the Georgia         *
Department of Corrections,         *
MARTY ALLEN, Warden, Georgia       *
State Prison, MILTON SMITH,        *
Deputy Warden of Care and          *
Treatment at Georgia State         *
Prison, and JUANTIA RENO,          *
Director of Mental Health at       *
Georgia State Prison,              *
                                   *
      Defendants.                  *
                                   *
```

## O R D E R

Presently before the Court is Plaintiff's Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. 10.) The Court must deny Plaintiff's attempt to voluntarily dismiss because it does not comply with Rule 41(a) of the Federal Rules of Civil Procedure.

Rule 41(a) provides two paths by which a plaintiff may voluntarily dismiss an action: with a court order (41(a)(1)) or

without a court order (41(a)(2)). If a plaintiff wishes to dismiss the action without a court order, she must file either "(i) a notice of dismissal <u>before</u> the opposing party serves either an <u>answer</u> or a motion for <u>summary judgment</u>; or (ii) a stipulation of dismissal <u>signed by all parties</u> who have appeared." Fed. R. Civ. P. 41(a)(1)(emphasis added). If a plaintiff wishes to voluntarily dismiss an action otherwise, she must request a court order using Rule 41(a)(2). Under Rule 41(a)(2), a court may dismiss an action "on terms that the court considers proper."

Plaintiff may not voluntarily dismiss this action pursuant to 41(a)(1) because Defendants have already answered Plaintiff's complaint and Plaintiff has not filed a stipulation of dismissal signed by all parties. Neither may she dismiss under 41(a)(2), because by filing pursuant to 41(a)(1) she has not put Defendants on proper notice that she is requesting dismissal via court order. <u>See</u> Fed. R. Civ. P. 7(B)(1). Thus, Plaintiff's attempt to voluntarily dismiss (doc. 10) is **DENIED WITHOUT PREJUDICE** for failure to comply with Rule 41 (a).

**ORDER ENTERED** at Augusta, Georgia, this 9th day of January, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA